PREET BHARARA
United States Attorney for the
Southern District of New York
By: EMILY E. DAUGHTRY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2777
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
NAFISSATOU DIALLO,                              :    NOTICE OF REMOVAL OF
                                                :    SUBPOENA DUCES TECUM
                  Plaintiff,                    :    PROCEEDING AGAINST UNITED
                                                :    STATES IMMIGRATION AND
        v.                                      :    CUSTOMS ENFORCEMENT
                                                :
DOMINIQUE STRAUSS-KAHN                          :    12 Civ. _____
                                                :
                  Defendant.                    :    Index No. 307065/11
                                                :    (Supreme Court of the State
                                                :    of New York, County of Bronx)
------------------------------------------------------------x

The United States Immigration and Customs Enforcement ("ICE"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, hereby removes the Subpoena Duces Tecum proceeding in the above-captioned case, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On or about July 19, 2012, plaintiff Nafissatou Diallo ("Diallo") obtained a Subpoena Duces Tecum so ordered by the Honorable Douglas E. McKeon, J.S.C., in the Supreme Court of the State of New York, County of Bronx, in a civil action brought by Diallo against Dominique Strauss-Kahn ("Strauss-Kahn"), commanding Theresa Pauling, Chief Counsel of ICE, to produce seven categories of records, including audio tapes "from each and

every phone call between [Diallo] and Amara Tarawally that occurred while Mr. Tarawally has been detained in the Eloy Federal Contract Facility in Eloy, Arizona, including, but not limited to, any telephone conversations that took place between them on May 15, 2011." A true and correct copy of the Subpoena Duces Tecum is attached hereto as Exhibit A.

2. The Subpoena Duces Tecum was received by the ICE Office of Chief Counsel at its offices on 201 Varick Street, New York, NY, 10014, on July 27, 2012.

3. The United States Immigration and Customs Enforcement is an investigative agency within the United States Department of Homeland Security and is a federal agency of the United States.

4. This subpoena matter may be removed to this Court pursuant to 28 U.S.C. § 1442 (a)(1) and 28 U.S.C. § 1446 (b). Section 1442(a)(1) confers removal jurisdiction over a state court proceeding to obtain official documents from a federal government agency where removal "is predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989); *see also, e.g., Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 414-415 (D.C. Cir. 1995). A "civil action" includes a proceeding in which "a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442 (c).

5. Removal pursuant to § 1442(a)(1) is timely under 28 U.S.C. § 1446(b). Section 1446(b) authorizes removal within thirty days of "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The issuance of a subpoena duces tecum, ordered by a New York Supreme Court judge and commanding the production of documents where failure to comply is punishable as a contempt of Court, is a "proceeding" under Section

1446(b) and removable to federal court. *See In re Backer*, 10 Civ. 862 (PGG), 2010 WL 2816789, at * 8 (S.D.N.Y. July 16, 2010) ("the critical issue in determining removability is whether state judicial power was invoked against a federal official"); *Brown & Williamson*, 62 F.3d at 414-415.

6. ICE intends to move to quash the Subpoena Duces Tecum, relying on federal law and the sovereign immunity of the United States Government. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 69-71 (4th Cir. 1989).

Dated: New York, New York
      August 27, 2012

                                        Respectfully submitted,
                                        PREET BHARARA
                                        United States Attorney

                                By:     EMILY E. DAUGHTRY
                                        Assistant United States Attorney
                                        86 Chambers Street
                                        New York, New York 10007
                                        Tel.: (212) 637-2777
                                        Fax: (212) 637-2717
                                        *Attorney for ICE*

To:   VIA FEDERAL EXPRESS

      Kenneth P. Thompson, Esq.
      THOMPSON WIGDOR LLC
      85 Fifth Ave.
      New York, NY 10003
      *Attorney for Plaintiff*

      ZUCKERMAN SPAEDER, LLP
      1185 Avenue of the Americas, 31st Floor
      New York, NY 10036
      *Attorneys for Defendant*

# Exhibit A

DHS/ICE
OFFICE OF CHIEF COUNSEL
201 VARICK ST. N.Y.

2012 JUL 27 AM 10: 15

SUPREME COURT OF THE STATE NEW YORK
COUNTY OF BRONX

-------------------------------------------------------x

NAFISSATOU DIALLO,

                Plaintiff,

v.

DOMINIQUE STRAUSS-KAHN,

                Defendant.

-------------------------------------------------------x

Index No.: 307065/11

**SUBPOENA DUCES TECUM**

TO: Theresa A. Pauling, Chief Counsel
     U.S. Immigration and Customs Enforcement
     P.O. Box 3507
     New York, New York 10008

     YOU ARE HEREBY COMMANDED, pursuant to New York Civil Practice Law and Rules Article 23 and the definitions and instructions in Appendix A (attached hereto), that all businesses and excuses being laid aside, to produce to Thompson Wigdor LLP, 85 Fifth Avenue, Fifth Floor, New York, NY, 10003 in the City of New York, County of New York, on the 17th day of August 2012, at nine o'clock in the morning, documents pursuant to the demands in Appendix B ("the Requests").

     Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

DATED: July 19, 2012
           New York, New York

THOMPSON WIGDOR LLP

By: _____
    Kenneth P. Thompson
    Douglas H. Wigdor

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Attorneys for Plaintiff*

SO ORDERED:

_____
HON. DOUGLAS E. MCKEON J.S.C.

## APPENDIX A

## DEFINITIONS

1. **"Plaintiff"** or **"Ms. Diallo"** refers to Plaintiff Nafissatou Diallo.

2. **"Defendant"** or **"Defendant Strauss-Kahn"** refers to Defendant Dominique Strauss-Kahn.

3. The term **"U.S. Immigration and Customs Enforcement"** refers to United States Immigration and Customs Enforcement, and includes each of the United States Immigration and Customs Enforcement's employees, agents, corporate parents, predecessors, successors, subsidiaries, and affiliates (including any employees, officers, directors of such partners, corporate parent(s), predecessors, successors, subsidiaries and/or affiliates).

4. **"Person"** means any natural person, business, legal or governmental association or entity.

5. The terms **"record"** or **"records"** **"document"** or **"documents"** shall mean any written, recorded, filmed or graphic matter, or electronically stored information, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, e-mails, voicemails, instant messages, text messages, blackberry messages, photographs, correspondence, telegrams, diaries, bookkeeping entries, telephone logs, financial statements, tax returns, checks, check stubs, bank records, pay stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, contracts, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in U.S. Immigration and Customs Enforcement's possession, custody or control, or in the possession, custody or control of U.S. Immigration and Customs Enforcement's present or former agents, representatives, attorneys, physicians or other health care professionals, or any and all persons acting on their or U.S. Immigration and Customs Enforcement's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by U.S. Immigration and Customs Enforcement to exist.

6. **"Concerning"** means relating to, referring to, describing, evidencing, constituting, supporting or contradicting, in whole or in part.

7. **"Including"** shall mean including without limitation.

8. When referring to documents, **"to identify"** means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

2

9. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

10. "All" and "Each" shall be construed as all and each, respectively.

11. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of any singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. The following Requests constitute a continuing demand for production of documents and information to the fullest extent permitted by law. Accordingly, if at some point after the service of these Requests, U.S. Immigration and Customs Enforcement or anyone acting on its behalf obtains or becomes aware of additional documents pertaining to these Requests, or a document is located or is created which is responsive to one of the Requests herein, U.S. Immigration and Customs Enforcement is required to provide any such additional document(s) by way of supplemental responses. Such supplemental responses are to be served upon Plaintiff within twenty (20) days after U.S. Immigration and Customs Enforcement becomes aware of any such document(s).

2. In responding to these Requests, U.S. Immigration and Customs Enforcement must furnish all documents which are available, including documents in the possession, custody, or control of U.S. Immigration and Customs Enforcement's attorneys, investigators, or anyone else acting for or on U.S. Immigration and Customs Enforcement's behalf, and not merely those documents held by U.S. Immigration and Customs Enforcement. If U.S. Immigration and Customs Enforcement is unaware of the existence of any documents responsive to a Request contained herein, U.S. Immigration and Customs Enforcement should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional documents to complete the response.

3. Each Request shall be responded to fully, unless, it is in good faith objected to, in which event the reasons for the objections shall be stated with specificity. If an objection pertains to only a portion of a Request, or to a word, phrase or clause contained therein, U.S. Immigration and Customs Enforcement shall state its objection to that portion only and respond to the remainder of the Request.

4. The original or one copy of each document is requested to be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced.

5. Documents shall be produced as they are kept in the ordinary course of business. All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents,

3

whether by use of binders, files, sub-files, or by dividers, tabs, or any other method, shall be left so segregated or separated. All labels or markings on any such binders, files, sub-files, dividers, tabs, or folders shall be produced.

6. If any document is withheld from production on the alleged grounds of privilege and/or the attorney work product doctrine, U.S. Immigration and Customs Enforcement shall identify each such document with a sufficient description to enable the Court to rule on the validity of the claim of privilege and/or attorney work product doctrine, which includes at least the following information:

    (a) the name and address of the person(s) who possess or control the document and each copy of the document;

    (b) the name of the author of the document;

    (c) the name of the sender of the document if different from the author;

    (d) the name of the person(s) to whom copies were sent or otherwise made available;

    (e) the name of any person(s) known to have seen or have possession of a copy of the document if not identified above;

    (f) the business affiliation and job title of every person named in (a), (b), (c), (d) and (e) above;

    (g) the date of the document;

    (h) a brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

    (i) the basis for withholding the document.

7. If any document that would have been responsive to these Requests has been destroyed or is no longer in U.S. Immigration and Customs Enforcement's possession, custody or control, provide the following information:

    (a) the date of the document;

    (b) the names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

    (c) the date of and the identity of the person responsible for its destruction, loss, transfer, or other act or omission by which the document left U.S. Immigration and Customs Enforcement's possession, custody, or control; and

    (d) the circumstances surrounding the loss of the document or the reason for its destruction.

## APPENDIX B

### DOCUMENTS TO PRODUCE

1. All audio tapes from each and every phone call between Plaintiff and Amara Tarawally that occurred while Mr. Tarawally has been detained in the Eloy Federal Contract Facility in Eloy, Arizona, including, but not limited to, any telephone conversations that took place between them on May 15, 2011.

2. All transcripts of each and every phone call between Plaintiff and Amara Tarawally that occurred while Mr. Tarawally has been detained in the Eloy Federal Contract Facility in Eloy, Arizona, including, but not limited to, any transcripts from the telephone conversations that took place between them on May 15, 2011.

3. All documents provided to Defendant Strauss-Kahn, Defendant Strauss-Kahn's attorneys and affiliates, and/or the New York County District Attorney's Office regarding the criminal charges against Defendant Strauss-Kahn.

4. All documents provided to Defendant Strauss-Kahn, and/or Defendant Strauss-Kahn's attorneys and affiliates regarding Plaintiff's civil case against Defendant Strauss-Kahn.

5. All documents produced by the U.S. Immigration and Customs Enforcement in response to any subpoena issued in connection with the criminal charges against Defendant Strauss-Kahn.

6. All documents produced by the U.S. Immigration and Customs Enforcement in response to any subpoena issued in connection with Plaintiff's civil case against Defendant Strauss-Kahn.

7. All communications between the U.S. Immigration and Customs Enforcement and Defendant Strauss-Kahn, Defendant Strauss-Kahn's attorneys or affiliates, and/or the New York County District Attorney's Office regarding Defendant Strauss-Kahn and/or Plaintiff.